# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICKY JONES,

        Plaintiff,

        v.                                     Case No. 05-C-1227

IRONWORKERS LOCAL 8,
GILBERT TOSLEK,
RUSSEL DOE,
TOM PITMAN,
        Defendants.

## ORDER

By order dated January 12, 2006, the court remanded this case to the Milwaukee County Circuit Court because the case was improperly removed to federal court without the consent of all defendants. On February 1, 2006, *pro se* plaintiff Ricky Jones filed a motion for costs incurred as a result of the removal. Jones requested the court to order payment of $65, to compensate Jones for the cost of postage, stationary, and writing supplies. For the reasons stated below, the court will deny the motion for costs.

Title 28 U.S.C. § 1447(c) allows the court to award costs and expenses, including attorney fees, incurred as a result of improper removal. Section 1447(c) reads as follows: "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* The district court has discretion whether to order such a payment. *See Tenner v. Zurek*, 168 F.3d 328, 330 (7th Cir. 1999) (holding that Congress has

unambiguously left the award of fees to the discretion of the district court); *Katonah v. USAir,* 876 F. Supp. 984, 990 (N.D. Ill. 1995)*.*

Ironworkers Local 8 removed this case based upon federal question jurisdiction and diversity jurisdiction. The court concluded that removal was improper, however, because Ironworkers Local 8 removed the action without the consent of all the defendants. In its motion for leave to file an amended petition of removal, (Docket #14), Ironworkers 8 indicated that, despite several efforts, it was unable to obtain information enabling it to identify two other defendants in this action, Russel Doe and Tom Pitman, and that it was unable to obtain any information suggesting that the plaintiff effected service process on those defendants. (Mot. to File Am. Pet. for Rem., ¶ 5.) Additionally, Ironworkers Local 8 asserted that the plaintiff's complaint alleged federal claims under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, thereby ostensibly justifying removal to federal court.

An award of costs and expenses would be appropriate if the defendants could easily have ascertained that removal was clearly improper. *See M.D.C. Wallcoverings v. State Bank of Woodstock*, 771 F. Supp. 242, 244 (N.D. Ill. 1991). Here, this was not the case. After making sincere efforts, Ironworkers Local 8 was unable to identify all of the other defendants, and thus could not get their consent to removal. Because defendant, Ironworkers Local 8, was unable to identify two of the defendants after making several efforts to do so, and the plaintiff alleged federal

claims in his complaint, the court concludes that this is not an appropriate case to award costs and expenses incurred as a result of the removal.

Accordingly,

**IT IS ORDERED** that Jones' motion for costs (Docket #23) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 27th day of March, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge